## PROSECUTIONS UNDER THE JONES LAW.

Circuit Court of Cuyahoga County.

IN RE HEARING ON PETITION FILED ON THE 31ST DAY OF OCTOBER, 1906, BEFORE HON. TOM L. JOHNSON, TO PROHIBIT THE SALE OF INTOXICATING LIQUORS.

Decided, January 14, 1907.

*Intoxicating Liquors—"Jones Law" Constitutional—Practice—Bill of Exceptions, How Perfected in Mayor's Court.*

1. The "Jones law" providing for local option in residence districts is a valid exercise of legislative power and is constitutional.
2. In proceedings under the "Jones law," bills of exceptions in a mayor's court must be taken pursuant to the provisions of Section 6565, Revised Statutes, and must be presented to the mayor for allowance within ten days.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is brought to review the decision of the mayor of the city of Cleveland, .wherein he held a petition filed under the Jones law to be sufficient. Among the papers filed here is a document purporting to be a bill of exceptions, presented to and signed by the mayor, on the 30th day of December, 1906. This bill, we are not able to entertain or consider for two reasons:

*First,* because the transcript contains no minute of its presentation to, or allowance by the mayor, and,

*Secondly,* because the allegation of the bill itself, could we look at it, is that it was presented and allowed December 20, as aforesaid, which is more than ten days after the date of the mayor's decision on December 5, or the overruling of the motion for a new trial on December 8th.

Without deciding whether or not a motion for a new trial is necessary or permissible in a case of this kind before a mayor of a city or village, it is clear that, in the absence of other provision, the bill of exceptions must be taken, pursuant to the provisions of Section 6565 of the Revised Statutes of Ohio, if at all, not-

withstanding that the Jones law provides for proceedings in error to this court, whereas said section seems to contemplate proceedings in error to the common pleas court merely. Said section provides, that not less than five nor more than ten days after the decision of the mayor, or the overruling of the motion for a new trial, as the case may be, shall be allowed for the reduction to writing of the exceptions taken. The bill of exceptions must, therefore, be presented to the mayor for allowance within the period named, and for failure so to do in this case, we hold that there is no bill of exceptions before us whereby we can review the errors alleged, in so far as the same are exhibited only in the bill.

It is suggested by counsel for plaintiff in error, that the provisions of the Jones law give concurrent jurisdiction to the mayor and to any judge of the common pleas court, and requires the circuit court, upon petition in error to review the case upon its merits—implying, when taken together, that the provisions of the code of civil procedure in regard to the perfecting of bills of exceptions, must be applied not only when the decision to be reviewed is made by a judge of the common pleas, but also in cases wherein the decision to be reviewed is that of the mayor. And it is urged, that in the absence of any express provision, allowing the filing of a motion for a new trial, in any case before a mayor, other than jury cases, necessity requires this construction of the law, in order that a review of the weight of the evidence may be made by this court. If the justice code does not provide for a motion for a new trial in such a case as this, a resort must be had, it is claimed, to the code of civil procedure, in order that such a motion, alleging that the decision of the mayor is against the weight of the evidence and contrary to law, may be filed and overruled, so as to afford a basis for seeking a review of those grounds of error in this court. And, it is further urged, that if this construction of law is correct the bill of exceptions was taken in proper time.

Inasmuch, however, as the transcript fails to show that any bill of exceptions at all was taken, we do not find it necessary to pass upon the merits of this reasoning farther than to say that

Section 6565 seems to us to apply in this case, since by its terms it is made to apply to "all cases" before justices and mayors.

It is further claimed here that the transcript from the mayor's court filed here is insufficient, in that it is certified merely as being a copy of the "records" in his office in this case, and that it is otherwise fatally informal.

The Supreme Court of this state has held that the proceedings of justice courts and other inferior tribunals of limited jurisdiction, must be viewed with indulgence of mere irregularities, as distinguished from a total want of jurisdiction; and applying that principle to the transcript here in question, we think the certification and contents are sufficient to advise us of the proceedings had and the decision rendered by the mayor. The transcript certified by the city clerk of the city of Cleveland, and filed with other papers in this case is, in our view, of no significance.

Looking then to this transcript. The petition in error alleges no error disclosed therein which we need discuss, excepting the question of the constitutionality of the Jones law, which was formally saved, but was not argued before us. Without the benefit of such argument, we shall not enter into any detailed examination of the question. Suffice it to say, that the Constitution of Ohio having expressly provided that the General Assembly shall have power to pass laws to regulate the traffic in intoxicating liquors, and to provide against the evils resulting thereform, we think the Legislature is invested with plenary power to deal with the subject at its discretion at least as fully as it is authorized to exercise the police power for the common welfare and public safety. Without the more specific aid of counsel in pointing out alleged defects in the law, we are unable to say that it violates any provisions of the Constitution, or that it is in any degree unenforceable. The judgment below is therefore affirmed.